IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| STEVEN M. DILL, individually; | ) |
| STEVEN M. DILL, | ) |
| in his capacity as the | ) |
| Personal Representative of the | ) |
| ESTATE of GLADYS R. DILL; and | ) |
| STEVEN M. DILL, in his | ) |
| representative capacity of GLADYS | ) |
| R. DILL FAMILY TRUST. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The United States of America alleges as follows:

## INTRODUCTION

1. This action is brought by the United States of America to:

    a. Obtain a money judgment for the unpaid federal estate tax liability of the Estate of Gladys R. Dill (the "Dill Estate");

    b. Obtain a money judgment for the unpaid Form 1041 income tax liability of the Gladys R. Dill Family Trust (the "Family Trust"); and

    c.  Obtain money judgments for the individual liability, under Section 6324(a)(2) of the Internal Revenue Code (26 U.S.C.), of Steven M. Dill—in his individual and representative capacities—in an amount equal to the unpaid federal estate tax liability of the Dill Estate.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States of America, in accordance with 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7404.

4. The Dill Estate—by and through Steven M. Dill as Personal Representative; the Family Trust—by and through Steven M. Dill as Trustee; and Steven M. Dill, individually (collectively the "Defendants") reside within this district and are within the jurisdiction of this Court.

5. This Court is a proper venue for adjudicating this civil action under 28 U.SC. §§ 1391(b) and 1396 because the aforementioned Defendants reside within this district and the liabilities for the delinquent taxes accrued within this district, and a substantial part of the events or omissions giving rise to the claims occurred within this district.

## BACKGROUND FACTS

6. Gladys R. Dill was a real estate investor.

7. Gladys R. Dill died on January 18, 2006.

8. Prior to Gladys R. Dill's death, she formed three entities relevant to this suit: Dill Properties, Inc.; Dill Investment Partnership; and the Family Trust.

### Dill Properties, Inc.

9. Dill Properties, Inc. is a subchapter C corporation incorporated in 1961.

10. Dill Properties, Inc. contained multiple pieces of real property, including 534 acres in Orange County, Florida (the "Ranch") located at 3010 Dill Rd., Orlando, FL 32820.

### Dill Investment Partnership

11. Gladys R. Dill and her son, Steven M. Dill, formed Dill Investment Partnership in 1987.

12. At its creation, Dill Investment Partnership contained 9 pieces of real property and included 160 acres in Osceola County (the "160 Acres") consisting of: Parcel # R18 25 27 3160 000A 0110; Parcel # R18 25 27 0000 0030 0000; Parcel # R18 25 27 0000 0010 0000.

## The Family Trust

13.Gladys R. Dill formed the Family Trust in 1989. The Family Trust was revocable during Gladys Dill's lifetime and became irrevocable upon her death.

14.As the settlor, Gladys R. Dill executed the Dill Family Trust Agreement, dated November 3, 1989, and appointed herself as trustee.

15.In the Dill Family Trust Agreement, Gladys R. Dill directed that upon her death, resignation or discharge, Steven M. Dill shall be appointed Successor Trustee.

16.Under 26 U.S.C. § 2038, the Family Trust's assets were includible in Gladys R. Dill's gross estate.

17.The Family Trust owned 441 shares (out of 1000) of Dill Properties, Inc. on the date of Glady R. Dill's death.

18.The Family Trust also owned 99% of Dill Investment Partnership on the date of Glady R. Dill's death.

## The Estate's Federal Tax Liability

19.Upon Gladys R. Dill's death, Steven M. Dill accepted the appointments of trustee of the Family Trust and personal representative of the Dill Estate.

20.On or about December 18, 2006, the Dill Estate filed a Form 706, *United States Estate (and Generation-Skipping Transfer) Tax Return* (the

4

"Form 706 Return"), for the Dill Estate. The return reported a gross estate value of $5,640,227, including assets in the Family Trust, and an estate tax of $1,899,243.  The Form 706 Return reported $30,638 in prior payments, leaving a balance due of $1,868,605.

21. The IRS selected the Form 706 Return filed by the Dill Estate for audit.

22. The Form 706 Return filed by the Dill Estate underreported the value of the assets of the Dill Estate by $135,843.

23. On or about September 12, 2007, the IRS proposed a deficiency in estate tax in the amount of $62,671 (the "Deficiency Amount").

24. Steven M. Dill, as personal representative of the Dill Estate, consented to the assessment and collection of the Deficiency Amount.

25. The Dill Estate has not fully paid the tax that Steven M. Dill, in his capacity as personal representative, reported on the Form 706 Return for the Dill Estate.

26. A duly authorized delegate of the Secretary of the Treasury made the following assessments, on the dates and for the reasons listed below.

| Tax | Assessment Date | Amount of Assessments ($)** |
|---|---|---|
| Per Form 706 Return | 02/05/20007 | $1,899,243.00 (T) |
| | 10/01/2007 | $59,409.68 (I) |

| Tax | Assessment Date | Amount of Assessments ($)** |
|---|---|---|
| Additional Tax Assessed by Exam | 10/15/2007 | $62,671 (T) |
| | 10/22/2007 | $2,167.89 (I) |
| | 10/13/2008 | $39,035.72 (I) |
| | 11/24/2008 | $12,485.49 (I) |
| | 09/28/2009 | $40,301.11 (I) |
| | 10/11/2010 | $36,201.96 (I) |
| | 01/31/2011 | $752.34 (I) |
| | 04/04/2011 | $211.37 (I) |
| | 05/16/2011 | $225.90 (I) |
| | 08/27/2012 | $64,198.64 (I) |
| | 06/05/2017 | $452,298.83 (P1) |
| | 06/05/2017 | $305,805.73 (I) |
| | 10/16/2017 | $29,981.09 (I) |
| | 03/19/2018 | $30,287.08 (I) |
| | 08/15/22 | $1,551.12 (P1) |
| | | $258,826.13 (I) |
| Total Balance | | $2,093,878.33 * |

*Includes tax, penalties, fees and collection costs, assessed interest, and additional interest not assessed but accrued through July 22, 2022, less payments and credits.

\*\*T - Tax

I - Interest

P1 – Penalty for late payment of tax

27. As of July 22, 2022, there remains due and owing to the United States the sum of $2,093,878.33 plus interest and accruals according to law after that date.

## The Disbursements

28. After Gladys R. Dill's death, assets of the Dill Estate were liquidated but were not used to pay the Dill Estate tax liability.

29. On the date of Gladys R. Dill's death, Dill Investment Partnership owned the 160 Acres.

30. On or about February 28, 2013, Dill Investment Partnership sold the 160 Acres to an unrelated party for approximately $5.5 million.

31. Dill Investment Partnership received $3,853,034 in net proceeds (the "Net Proceeds").

32. The Net Proceeds were not used to fully pay the Dill Estate tax liability or the Family Trust tax liability from the sale of the 160 Acres.

33. Upon information and belief, the Family Trust distributed the Net Proceeds to its partners.

34. $91,895 traceable to the Net Proceeds was used to extinguish a mortgage on a house owned by Steven M. Dill.

35. $961,364 traceable to the Net Proceeds was used to pay off two mortgages on Steven M. Dill and Dawn Dill's primary residence.

36. $2,277,929 traceable to the Net Proceeds was used to pay off the mortgage on the Ranch.

37. $150,000 traceable to the Net Proceeds was used to pay off the mortgage on real property owned by David and Irene Dill.

38. $150,000 traceable to the Net Proceeds was wired to Steven M. Dill and Dawn Dill.

## Remaining Estate Assets

39. The Ranch, which is owned by Dill Properties, Inc., is an asset of the Dill Estate.

40. Upon information and belief, the Ranch was under contract to sell for $16 million, but the sale did not occur.

## COUNT I

**Judgment against Steven M. Dill as Personal Representative of the Dill Estate for Unpaid Federal Tax Liabilities of the Estate**

41. Plaintiff realleges the allegations in paragraphs 1- 40 as if fully restated herein.

42. The IRS provided notice of the assessments described in paragraph 26, above, along with demand for payment of the assessments, to the Estate.

8

43. Despite notice and demand for payment of the assessments described in paragraph 26 above, the assessments have not been paid in full to date.

44. The Dill Estate, by and through Steven M. Dill as personal representative, made a valid election under 26 U.S.C. § 6166 to pay a portion of its tax liability in installments. Under the election, the Dill Estate was required to make interest payments, in installments, beginning October 18, 2007 and deferred principal payments beginning October 18, 2011.

45. The Section 6166 election was in effect from February 22, 2007 until August 20, 2012.

46. The Section 6166 election extended the collection statute expiration date for five years and six months from February 5, 2017 until August 21, 2022.

47. Due to the Estate's failure to pay the full amount of the assessments due and owing, interest and statutory additions to tax have accrued pursuant to statute. As of July 22, 2022, there remains due and owing to the United States the sum of $2,093,878.33 plus interest and accruals according to law after that date.

WHEREFORE, the United States of America requests that the Court:

    A. Enter judgment in favor of the United States of America and against Steven M. Dill, in his capacity as personal representative of the

Dill Estate, in the amount of $2,093,878.33 plus statutory accruals according to law from July 22, 2022 until paid.

## COUNT II

**Impose Section 6324(a)(2) Liability against Steven M. Dill Individually**

48. Plaintiff realleges the allegations in paragraphs 1- 40 as if fully restated herein.

49. Steven M. Dill, as personal representative of the Dill Estate, failed to pay the estate tax due for the Dill Estate.

50. If an estate tax liability is not paid when due, then a transferee, trustee, or "person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate" is personally liable for the estate tax liability to the extent of the value of that property. 26 U.S.C. § 6324(a)(2).

51. Steven M. Dill took control or possession of assets includible in Gladys R. Dill's gross estate.  As personal representative of the Dill Estate, he transferred assets from the Dill Estate to himself and the other Defendants.

52. Upon Gladys R. Dill's death, Steven M. Dill assumed the role of trustee of the Family Trust.

53. By virtue of his possession, control, or receipt of the assets includible in the gross estate and his role as trustee of the revocable Family Trust

upon the death of Gladys R. Dill, while failing to pay the federal tax liabilities, Steven M. Dill became personally liable under 26 U.S.C. § 6324(a)(2) for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the non-probate property (included in the gross estate under Sections 2034 through 2042) held or received plus interest on such amount under Section 6601 from the date of death until paid.

54. Upon information and belief, the value of the non-probate property held by the Family Trust is greater than the estate tax liability. WHEREFORE, the United States of America requests that the Court:

B. Enter judgment in favor of the United States of America and against Steven M. Dill, in his personal capacity, in the amount of $2,093,878.33 plus statutory accruals according to law from July 22, 2022 until paid.

## COUNT III

### Impose Section 6324(a)(2) Liability against the Family Trust

55. Plaintiff realleges the allegations in paragraphs 1- 40 as if fully restated herein.

56. Steven M. Dill, as personal representative of the Dill Estate, failed to pay the estate tax due for the Dill Estate.

57. If an estate tax liability is not paid when due, then a transferee, trustee, or "person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives,

or has on the date of the decedent's death, property included in the gross estate" is personally liable for the estate tax liability to the extent of the value of that property. 26 U.S.C. § 6324(a)(2).

58.     Upon Gladys R. Dill's death, Steven M. Dill assumed the role of trustee of the Family Trust.

59.     By operation of 26 U.S.C. § 6324(a)(2), Steven M. Dill—in his capacity as Trustee of the Family Trust—is liable to the United States for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the non-probate property (included in the gross estate under Sections 2034 through 2042) held or received plus interest on such amount under Section 6601 from the date of death until paid.

60.     Upon information and belief, the value of the non-probate property held by the Family Trust is greater than the estate tax liability.

WHEREFORE, the United States of America requests that the Court:

C.     Enter judgment in favor of the United States of America and against the Family Trust, in the amount of $2,093,878.33 plus statutory accruals according to law from July 22, 2022 until paid.

## COUNT IV

### The 1041 Liability of the Family Trust

61.     Plaintiff realleges the allegations in paragraphs 1 – 40 as if fully restated herein.

62. On February 28, 2013, Dill Investment Partnership sold the 160 Acres for a purchase price of $5.5 million.

63. Dill Investment Partnership received $3,853,034 in net proceeds from the sale of the 160 Acres.

64. On or about September 15, 2014, Steven M. Dill as fiduciary for the Family Trust timely filed a Form 1041, *Income Return for Estates and Trusts* (the "Form 1041 Return"), for the 2013 tax year.

65. The Form 1041 Return reflected total income of $982,448 comprised of $981,660 in capital gains and $788 in interest income.

66. The Family Trust's capital gains of $981,660 arose from Dill Investment Partnership's sale of the 160 Acres.

67. The Form 1041 Return reflected a total tax due of $127,334.

68. A duly authorized delegate of the Secretary of the Treasury made the following assessments, on the dates and for the reasons listed below.

| Tax | Assessment Date | Amount of Assessments ($)** |
|---|---|---|
| Per Form 1041 | 10/06/2014 | $127,334 (T) |
| | | $1,834.06 (I) |
| | 10/10/2016 | $9,020.12 (I) |
| | 05/29/2017 | $4,355.05 (I) |
| | 10/09/2017 | $1,968.57 (I) |
| Total Balance | | $175,678.23* |

*Includes tax, penalties, fees and collection costs, assessed interest, and additional interest not assessed but accrued through July 22, 2022, less payments and credits.
**T - Tax

I - Interest

69. Accordingly, as July 22, 2022 the Family Trust owes $175,678.23, plus further accruals of interest and statutory additions according to law.

WHEREFORE, plaintiff United States of America prays that the Court order adjudge, and decree that:

D. Enter judgment in favor of the United States of America and against the Family Trust, in the amount of $175,678.23 plus statutory additions according to law as of July 22, 2022 until paid.

Dated: August 19, 2021

                DAVID A. HUBBERT
                Deputy Assistant Attorney General

                *s/ Aaron C. Brownell*
                Aaron C. Brownell
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 14198
                Washington, D.C. 20044
                T: (202) 514-6070
                F: (202) 514-4963
                Aaron.C.Brownell@usdoj.gov

OF COUNSEL:

ROGER B. HANDBERG
United States Attorney