UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                   Case No. 6:22-cv-1487-CEM-RMN

**STEVEN M. DILL, STEVEN M. DILL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GLADYS R. DILL, and STEVEN M. DILL, IN HIS REPRESENTATIVE CAPACITY OF GLADYS R. DILL FAMILY TRUST,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on the United States' Motion for Summary Judgment (Doc. 24), to which Defendants filed a Response (Doc. 28) and the United States filed a Reply (Doc. 29). This cause is also before the Court on Defendants' Motion for Partial Summary Judgment (Doc. 25), to which the United States filed a Response (Doc. 27) and Defendants filed a Reply (Doc. 30). For the reasons set forth below, the United States' Motion for Summary Judgment will be granted in part and denied in part and Defendants' Motion for Partial Summary Judgment will be granted.

## I. BACKGROUND

This case involves outstanding tax liability related to the estate of Gladys R. Dill ("the Estate") and a 160-acre property owned by the Dill Family Trust ("the Family Trust") that was sold in 2013. The tax return for Ms. Dill's estate was received by the United States on December 18, 2006. (Form 706 Tax Return, Doc. 24-7, at 2). At the same time, the Estate filed a notice that it was electing an extension of time to pay the Estate's taxes in installments pursuant to Section 6166 of the Internal Revenue Code ("I.R.C."), I.R.C. § 6166 (the "6166 Extension"). (Section 6166 Election, Doc. 25-2, at 2).[1]

In 2010, the Estate was unable to make its installment payment but only requested an extension of time to do so on May 24, 2011. (*See generally* Application for Extension of Time, Doc. 24-10; *see also* Notice of Final Determination, Doc. 24-13, at 9 (noting that the missed payment was in October 2010)). The extension to make the installment payment was denied on July 13, 2011. (Denial Letter, Doc. 24-11, at 1). The Estate administratively appealed the decision, (*see generally* Appeal Letter, Doc. 24-12), but the administrative appeal was denied, and the 6166 Extension was terminated on March 6, 2012, (Doc. 24-13 at 4). The Estate had ninety days to contest the termination in court, (*id.*), but it did not do so. Thus, the

---

[1] The tax return and Section 6166 election were both signed on December 13, 2006. (Doc. 25-2 at 3; Doc. 25-1 at 2).

termination of the 6166 Extension became final on June 5, 2012. (*See id.* ("If you decide not to file a petition with the Tax Court, this determination will be final.")). On August 20, 2012, the United States issued a Notice and Demand for Payment of the Entire Tax Liability ("Notice and Demand," Doc. 24-14), demanding payment for the entire amount of the Estate's tax liability in light of the 6166 Extension's termination. (*Id.* at 1). That amount was not paid, and the United States filed this suit to collect the tax deficiency on August 19, 2022—nine years and 364 days after the Notice and Demand was issued.

The United States has brought four claims, seeking to obtain money judgments for unpaid federal taxes as follows: judgment against Steven Dill as Personal Representative of the Dill Estate for Unpaid Federal Tax Liabilities of the Estate (Count I); Imposition of Section 6324(a)(2) Liability against Steven Dill Individually for the unpaid tax liabilities of the Estate (Count II); Imposition of Section 6324(a)(2) Liability against the Family Trust for the unpaid tax liabilities of the Estate (Count III); and Imposition of 1041 Liability of the Family Trust for unpaid tax liabilities of the Family Trust related to the sale of the 160-acre property (Count IV). In short, the United States is seeking to collect the past-due estate tax liability from the Estate, Steven Dill individually, and the Family Trust as well as to collect capital gains tax liability from the Family Trust for the sale of the 160-acre property in 2013. The United States has filed a Motion for Summary Judgment (Doc.

24) on all claims, and Defendants have filed a Motion for Partial Summary Judgment (Doc. 25) as to the claims relating to the Estate's taxes.[2] The parties do not appear to dispute any of the underlying facts. And Defendants also do not appear to oppose the entry of summary judgment as to Count IV, which focuses only on the sale of the 160-acre property. However, as to the remaining claims—which all stem from the Estate's taxes—Defendants assert that those claims are time-barred.

## II.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir.

---

[2] Although Defendants only reference Counts I and II in their Motion for Partial Summary Judgment, they make substantive reference to Defendant Steven Dill in his capacity as personal representative of the Dill Family Trust, (Doc. 25 at 1), which applies to Count III. Additionally, because liability under Count III requires a finding of liability on Count I, the analysis herein regarding the statute of limitations is identical for all three claims. Therefore, the Court assumes that Defendants' failure to include the title of Count III was a typographical oversight, and for legal consistency, it will address all three claims.

2007). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment," the nonmoving party "must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997) (citing *Anderson*, 477 U.S. at 248–49 (1986)); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[T]he proper inquiry on summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Stitzel v. N.Y. Life Ins. Co.*, 361 F. App'x 20, 22 (11th Cir. 2009) (quoting *Anderson*, 477 U.S. at 251–52). Put another way, a motion for summary judgment should be denied only "[i]f reasonable minds could differ on the inferences arising from undisputed [material] facts." *Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1267 (11th Cir. 2016) (quoting *Allen*, 121 F.3d at 646).

### III.   ANALYSIS

#### A.   Estate Tax Claims – Counts I, II, and III

As noted above, Counts I, II, and III all relate to the unpaid taxes of the Estate. Defendants assert that these claims are barred by the statute of limitations. The collection of estate taxes is subject to a ten-year statute of limitations, which ordinarily would begin to run on the date of assessment. I.R.C. § 6502(a)(1). However, a separate provision of the I.R.C., Section 6503(d), suspends the statute of limitations "for the period of any extension of time for payment granted under the provisions of section . . . 6166." *Id.* § 6503(d).

As noted above, the Estate obtained a 6166 Extension, so the suspension of the statute of limitations set forth in Section 6503(d) applies here. The key question is: When did the Section 6503(d) suspension end and the statute of limitations begin? Defendants argue that this occurred on June 5, 2012.[3] As explained above, Defendants requested an extension of time to pay the 2010 installment and went through the entire administrative procedure with regard to that request. Ultimately, on March 6, 2012, the United States denied the request and issued a "Notice of Final Determination . . . that Extension of Time for Payment Under IRC § 6166 has

---

[3] Defendants also argue that the statute of limitations was running from the date of the original assessment until the date that the United States accepted the Estate's 6166 Extension seventeen days later. However, because these claims are time-barred based on the United States termination of the 6166 Extension, the Court need not address this argument.

Ceased to Apply." ("Notice of Final Determination," Doc. 24-13 at 4). This Notice of Final Determination states, in relevant part: "We have determined . . . that the extension of time for payment of tax provided in IRC § 6166 with respect to [the Estate] has been terminated." (*Id.*). Defendants then had ninety days to contest the decision by petitioning the United States Tax Court. (*Id.*); I.R.C. § 7479(b)(3). No such petition was filed, and therefore, the Notice of Final Determination became final by operation of law on June 5, 2012. (*See* Doc. 24-14 at 12 ("If you decide not to file a petition with the Tax Court, this determination will be final.")). As such, Defendants assert that the 6166 Extension ended on that date, which also meant that, on the same date, the suspension of the statute of limitations under Section 6503(d) ended and the statute of limitations began running. The United States disagrees and argues that the Section 6503(d) suspension did not end—and therefore the statute of limitations did not begin to run—until August 20, 2012, when the United States sent the Notice and Demand.

  The Court first turns to the plain language of the relevant statutes. Section 6166 sets out the parameters of how an estate can qualify for a 6166 Extension, I.R.C. § 6166(a)(1), and what happens if a payment is missed, *id.* § 6166(g)(3). Specifically, the following acceleration provision: "[I]f any payment . . . under [Section 6166] is not paid on or before the date fixed for its payment . . . , the unpaid portion of the tax payable in installments shall be paid upon notice and demand from

the Secretary." *Id.* § 6166(g)(3)(A). Section 6166 itself makes no mention of the statute of limitations or tolling thereof. Instead, Section 6503(d) provides, in relevant part: "The running of the period of limitation for collection of any tax . . . shall be suspended for the period of any extension of time for payment granted under the provisions of section . . . 6166." I.R.C. § 6503(d).

Therefore, under the very framework of the statutory provisions, whether the statute of limitations is suspended depends on the operation of Section 6503(d). And the language of Section 6503(d) is incredibly simple and straightforward—if a 6166 Extension is in place, then the statute of limitations is suspended; if a 6166 Extension is not in place, the statute of limitations is not suspended. As such, where, as here, a 6166 Extension was originally granted—suspending the running of the statute of limitations—the statute of limitations would only start to run when that extension was no longer granted, *i.e.*, when the 6166 Extension is terminated.

In this case, there is concrete documentation from the United States terminating the 6166 Extension—the Notice of Final Determination—which became final on June 5, 2012. Once a 6166 Extension is terminated, there can be no argument under the plain language of Section 6503(d) that the suspension of the statute of limitations still applies. Therefore, because the 6166 Extension was unquestionably terminated on June 5, 2012, that is, the date that the suspension of the statute of limitations in Section 6503(d) ended.

The United States ignores the language of Section 6503(d), focusing instead on the acceleration provision of Section 6166 and arguing that the statute of limitations only began to run when it sent the Notice and Demand. The United States relies on *United States v. Askegard*, 291 F. Supp. 2d 971 (D. Minn. 2003). However, in *Askegard*, the court was grappling with the question of when the 6166 Extension was terminated because there was no official termination documentation. *Id.* at 979–80. Instead, the *Askegard* defendants missed payments and the United States invoked the acceleration provision of Section 6166(g)(3)(A). *Id.* There, the court determined that simply missing an installment payment was insufficient to terminate the 6166 Extension but that under the particular factual scenario presented, the notice and demand accelerating payment of the entire tax amount was sufficient to terminate the 6166 Extension. *Id.* Therefore, the *Askegard* Court concluded that the statute of limitations in that case began running when the United States sent the notice and demand. *Id.* Critically, however, the *Askegard* Court did not determine that invoking the acceleration provision and issuing a notice and demand thereunder was the *only* way to terminate a 6166 Extension. *Id.*

Here, unlike *Askegard*, the Court does not need to wade through various notices sent by the United States to see if they check enough boxes to constitute a termination of the 6166 Extension. There is an unequivocal termination by the United States in the Final Notice and Determination. Moreover, the United States'

reliance on the acceleration provision of Section 6166 is misplaced. While the United States may be required to provide notice and demand for payment thereunder, that provision does not discuss or even allude to the statute of limitations or the tolling thereof. That information is wholly contained within Section 6503(d), and under its plain language, the suspension of the statute of limitations in this case was lifted on June 5, 2012, when the administrative appeal decision became final and the 6166 Extension was officially terminated.

The United States waited until the day before it believed the statute of limitations was going to run—nine years and 364 days after it believed it could have filed suit to collect the entirety of the Estate's taxes. And when a party waits until the last minute to file suit, it runs the risk of having miscalculated the statute of limitations. That is precisely what occurred here. Despite having ten years to do so, the United States filed this suit more than two months after the statute of limitations expired. Therefore, the counts relating to the collection of the Estate's taxes—Counts I, II, and III—are time-barred, and Defendant is entitled to summary judgment on those claims.

### B.     1041 Claim – Count IV

The only remaining claim relates to the tax liability against the Family Trust for taxes due in relation to the sale of the 160-acre property. The United States has presented sufficient evidence to show that it is entitled to summary judgment on this

claim, (Doc. 24 at 15–16, 21), and Defendants did not file any response to this evidence, (*see generally* Doc. 28 (addressing only the estate tax claims)). Accordingly, the United States is entitled to summary judgment as to Count IV against the Family Trust.

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The United States' Motion for Summary Judgment (Doc. 24) is **GRANTED in part** and **DENIED in part**.

    a. The Motion is **GRANTED** insofar as the United States is entitled to summary judgment as to Count IV.

    b. The Motion is otherwise **DENIED**.

2. Defendants' Motion for Partial Summary Judgment (Doc. 25) is **GRANTED**.

3. The Clerk is directed to enter judgment as follows:

    a. In favor of the United States and against Defendant the Dill Family Trust as to Count IV in the amount of $199,085.86 plus post-judgment interest.[4]

---

[4] The United States summarily states that it is entitled to "statutory interest, and penalties according to law" but does not provide any legal authority or explanation and therefore has not met its burden as to this issue. (Doc. 24 at 22).

      b. In favor of Defendants and against the United States as to Counts I, II, and III, providing that the United States shall take nothing on those claims.

4. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record